ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 01 2025 RR

at 12 o'clock and 15 min. PM
Lucy H. Carmillo, Clerk

# UNITED STATES DISTRICT COURT

# DISTRICT OF HAWAII

JOHNNY BERNARD SMITH III,

Plaintiff,

OFFICER REID T. NAKAMURA, individually and in his official capacity as an officer of the Honolulu Police Department; HONOLULU POLICE DEPARTMENT; CITY AND COUNTY OF HONOLULU; and DOES 1-10, inclusive,

Defendants.

Case No.: [CASE NUMBER] CV25 00270 KJM

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER [42 U.S.C. § 1983 (CITATION REVIEW RECOMMENDED)]

**JURY TRIAL DEMANDED**

Plaintiff JOHNNY BERNARD SMITH III ("Plaintiff"), by and through his attorneys, hereby files this Complaint against Defendants OFFICER REID T. NAKAMURA, individually and in his official capacity as an officer of the Honolulu Police Department; HONOLULU POLICE DEPARTMENT; CITY AND COUNTY OF HONOLULU; and DOES 1-10, inclusive (collectively, "Defendants"), and alleges as follows:

## I. INTRODUCTION

1. This is a civil rights action brought pursuant to [42 U.S.C. § 1983 (**CITATION REVIEW RECOMMENDED**)] seeking damages and injunctive relief against Defendants for violations of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

2. On or about May 29, 2023, at approximately 9:00 p.m., Plaintiff was unlawfully detained, subjected to excessive force, and discriminated against by Defendant Officer Reid T. Nakamura of the Honolulu Police Department at 2421 Tusitala Street, Honolulu, Hawaii.

3. As a direct and proximate result of Defendants' unconstitutional actions, Plaintiff suffered significant physical injuries, including nerve damage to his right wrist, as

Mailed on
Date 7/1/2025

well as severe emotional distress, psychological trauma, humiliation, and violation of his constitutional rights.

4. Plaintiff brings this action to recover compensatory and punitive damages for the injuries he sustained as a result of Defendants' unlawful conduct, and to secure injunctive relief to prevent similar constitutional violations in the future.

## II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to [28 U.S.C. §§ 1331 (**CITATION REVIEW RECOMMENDED**)] and 1343(a)(3) and (4), as this action arises under the Constitution and laws of the United States, specifically [42 U.S.C. § 1983 (**CITATION REVIEW RECOMMENDED**)], which provides a cause of action for the deprivation of constitutional rights by persons acting under color of state law.

6. This Court has supplemental jurisdiction over any state law claims pursuant to [28 U.S.C. § 1367(a) (**CITATION REVIEW RECOMMENDED**)], as such claims form part of the same case or controversy as the federal claims.

7. Venue is proper in the United States District Court for the District of Hawaii pursuant to [28 U.S.C. § 1391(b) (**CITATION REVIEW RECOMMENDED**)] because all of the events giving rise to Plaintiff's claims occurred within this judicial district, and all Defendants reside or maintain their principal places of business within this judicial district.

## III. PARTIES

8. Plaintiff JOHNNY BERNARD SMITH III is an individual residing at 3701 Totty St, South Chesterfield, VA 23803. At all times relevant to this Complaint, Plaintiff was present in Honolulu, Hawaii.

9. Defendant OFFICER REID T. NAKAMURA ("Officer Nakamura") is, and at all times relevant to this Complaint was, a police officer employed by the Honolulu Police Department. Officer Nakamura is sued in both his individual and official capacities. At all times relevant to this Complaint, Officer Nakamura was acting under color of state law and within the course and scope of his employment as a police officer for the Honolulu Police Department.

10. Defendant HONOLULU POLICE DEPARTMENT ("HPD") is, and at all times relevant to this Complaint was, a law enforcement agency organized under the laws of the State of Hawaii and operating within the City and County of Honolulu. HPD is responsible for establishing policies, practices, and customs regarding the training, supervision, and discipline of its police officers.

11. Defendant CITY AND COUNTY OF HONOLULU ("City") is, and at all times relevant to this Complaint was, a municipal corporation duly organized and existing under the laws of the State of Hawaii. The City is the legal entity responsible for the Honolulu Police Department and is liable for the actions of the Honolulu Police Department and its employees, including Officer Nakamura, pursuant to the doctrine

established in [Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978) (**CITATION REVIEW RECOMMENDED**)].

12. Defendants DOES 1-10 are individuals or entities whose true names and capacities are currently unknown to Plaintiff. Plaintiff is informed and believes, and thereon alleges, that each of the DOE Defendants is in some manner responsible for the injuries and damages suffered by Plaintiff as alleged herein. Plaintiff will amend this Complaint to allege the true names and capacities of DOES 1-10 when they have been ascertained.

13. At all times relevant to this Complaint, all Defendants were acting under color of state law and within the course and scope of their respective duties as employees, agents, or representatives of the City and County of Honolulu and/or the Honolulu Police Department.

## IV. FACTUAL ALLEGATIONS

14. On May 29, 2023, at approximately 9:00 p.m., Plaintiff was lawfully present at 2421 Tusitala Street in Honolulu, Hawaii.

15. Without legal justification or probable cause, Defendant Officer Nakamura approached Plaintiff and detained him.

16. During this detention, Officer Nakamura used excessive and unreasonable force against Plaintiff, causing severe nerve damage to Plaintiff's right wrist.

17. Throughout the encounter, Officer Nakamura made explicit discriminatory statements and slurs directed at Plaintiff, demonstrating clear bias and partiality in violation of Plaintiff's constitutional right to equal protection under the law.

18. The entire incident was captured on multiple forms of video evidence, including police body camera footage, dash camera footage, CCTV footage, and civilian video recordings.

19. Multiple independent witnesses observed the incident, including Nicole Stan (2421 Tusitala St #1303, (808) 741-1524), Bella Callicut (2421 Tusitala St #901, (713) 885-2435), Kathleen Keeman (2421 Tusitala St #2104, (339) 788-1768), and Jason Leslie (2421 Tusitala St #2014, (781) 385-1699).

20. Although Plaintiff was detained during this incident, he was ultimately released without any charges being filed against him, further demonstrating the lack of legal justification for the detention and use of force.

21. Immediately following the incident, Plaintiff sought medical treatment at Doctors Of Waikiki Urgent & Walk-In Clinic, where he was diagnosed with possible nerve damage to his right wrist as a direct result of Officer Nakamura's excessive use of force.

22. Plaintiff continues to suffer from the physical injuries sustained during this incident, including ongoing nerve damage and associated pain, limited mobility, and functional impairment of his right wrist.

23. In addition to physical injuries, Plaintiff has suffered severe emotional distress, anxiety, depression, and post-traumatic stress disorder as a result of this incident, for which he has received and continues to receive professional mental health treatment.

24. On or about July 23rd, 2023, Plaintiff filed a formal complaint with the Honolulu Police Department's Internal Affairs Division regarding Officer Nakamura's conduct. The complaint was assigned case number HPC 23-054.

25. Following an investigation, the Honolulu Police Department's Internal Affairs Division concluded that there was "INSUFFICIENT EVIDENCE" to sustain Plaintiff's allegations, despite the existence of multiple forms of video evidence and numerous independent witnesses.

26. Prior to this incident, Plaintiff had no previous interactions with Officer Nakamura or any of the other Defendants.

27. The actions of Officer Nakamura, as described herein, were undertaken with malice, willfulness, and reckless indifference to Plaintiff's constitutional rights.

28. The Honolulu Police Department and the City and County of Honolulu have established, maintained, and enforced policies, practices, and customs that were the moving force behind the constitutional violations suffered by Plaintiff, including but not limited to:

    a. Failing to properly train police officers regarding the constitutional limitations on detention, arrest, and use of force;

    b. Failing to properly supervise and discipline officers who engage in unconstitutional conduct;

    c. Tolerating and encouraging a culture of racial bias and discrimination within the police department;

    d. Maintaining inadequate procedures for investigating citizen complaints of police misconduct; and

    e. Ratifying unconstitutional conduct by failing to meaningfully discipline officers who violate citizens' constitutional rights.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

29. Plaintiff has exhausted all available administrative remedies by filing a formal complaint with the Honolulu Police Department's Internal Affairs Division, which was assigned case number HPC 23-054 and resulted in a finding of "INSUFFICIENT EVIDENCE."

30. No further administrative remedies are required to be exhausted prior to the commencement of this action.

## VI. CLAIMS FOR RELIEF

**FIRST CAUSE OF ACTION**

**Violation of Civil Rights Under [42 U.S.C. § 1983 (CITATION REVIEW RECOMMENDED)]**

**(Fourth Amendment - Unlawful Detention)**

**(Against All Defendants)**

31. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

32. The Fourth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, protects individuals from unreasonable searches and seizures by government officials.

33. By detaining Plaintiff without reasonable suspicion or probable cause, Defendant Officer Nakamura violated Plaintiff's clearly established right to be free from unreasonable seizures under the Fourth Amendment to the United States Constitution.

34. At the time of the detention, no reasonable officer in Officer Nakamura's position could have believed that there was legal justification to detain Plaintiff.

35. Defendant Officer Nakamura acted under color of state law and within the course and scope of his employment as a police officer for the Honolulu Police Department when he unlawfully detained Plaintiff.

36. Defendants Honolulu Police Department and City and County of Honolulu are liable for Officer Nakamura's unconstitutional conduct pursuant to [Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978) (**CITATION REVIEW RECOMMENDED**)], because:

    a. Officer Nakamura acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendants;

    b. Officer Nakamura was an official with final policy-making authority or such final policy-making authority was delegated to Officer Nakamura;

    c. An official with final policy-making authority ratified Officer Nakamura's conduct; and/or

    d. Defendants were deliberately indifferent to the need to train, supervise, and discipline their police officers, including Officer Nakamura, regarding the constitutional limitations on detention.

37. As a direct and proximate result of Defendants' violation of Plaintiff's Fourth Amendment rights, Plaintiff has suffered physical injuries, pain and suffering, emotional distress, humiliation, loss of liberty, and other damages in an amount to be proven at trial.

**SECOND CAUSE OF ACTION**

**Violation of Civil Rights Under [42 U.S.C. § 1983 (CITATION REVIEW RECOMMENDED)]**

**(Fourth Amendment - Excessive Force)**

**(Against All Defendants)**

38. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

39. The Fourth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, prohibits the use of excessive force by law enforcement officers in the course of an arrest, investigatory stop, or other seizure of a person.

40. By using excessive and unreasonable force against Plaintiff during the detention, resulting in nerve damage to Plaintiff's right wrist, Defendant Officer Nakamura violated Plaintiff's clearly established right to be free from excessive force under the Fourth Amendment to the United States Constitution.

41. The force used by Officer Nakamura was objectively unreasonable under the circumstances, as Plaintiff posed no immediate threat to the safety of Officer Nakamura or others, was not actively resisting arrest or attempting to evade arrest by flight, and was not suspected of committing any serious crime.

42. At the time of the use of force, no reasonable officer in Officer Nakamura's position could have believed that the level of force used was lawful or necessary.

43. Defendant Officer Nakamura acted under color of state law and within the course and scope of his employment as a police officer for the Honolulu Police Department when he used excessive force against Plaintiff.

44. Defendants Honolulu Police Department and City and County of Honolulu are liable for Officer Nakamura's unconstitutional conduct pursuant to [Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978) (**CITATION REVIEW RECOMMENDED**)], because:

    a. Officer Nakamura acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendants;

    b. Officer Nakamura was an official with final policy-making authority or such final policy-making authority was delegated to Officer Nakamura;

    c.    An official with final policy-making authority ratified Officer Nakamura's conduct; and/or

    d.    Defendants were deliberately indifferent to the need to train, supervise, and discipline their police officers, including Officer Nakamura, regarding the constitutional limitations on the use of force.

45. As a direct and proximate result of Defendants' violation of Plaintiff's Fourth Amendment rights, Plaintiff has suffered physical injuries, including nerve damage to his right wrist, pain and suffering, emotional distress, humiliation, and other damages in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

### Violation of Civil Rights Under [42 U.S.C. § 1983 (CITATION REVIEW RECOMMENDED)]

### (Fourteenth Amendment - Equal Protection)

### (Against All Defendants)

46. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

47. The Fourteenth Amendment to the United States Constitution guarantees all persons the equal protection of the laws and prohibits government officials from treating individuals differently based on their race, ethnicity, or other protected characteristics.

48. By making explicit discriminatory statements and slurs directed at Plaintiff during the detention and using excessive force against Plaintiff based on discriminatory animus, Defendant Officer Nakamura violated Plaintiff's clearly established right to equal protection under the Fourteenth Amendment to the United States Constitution.

49. Officer Nakamura's discriminatory conduct was intentional and motivated by a discriminatory purpose.

50. At the time of the discriminatory conduct, no reasonable officer in Officer Nakamura's position could have believed that such discrimination was lawful.

51. Defendant Officer Nakamura acted under color of state law and within the course and scope of his employment as a police officer for the Honolulu Police Department when he discriminated against Plaintiff.

52. Defendants Honolulu Police Department and City and County of Honolulu are liable for Officer Nakamura's unconstitutional conduct pursuant to [Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978) (**CITATION REVIEW RECOMMENDED**)], because:

    a.    Officer Nakamura acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendants;

  b. Officer Nakamura was an official with final policy-making authority or such final policy-making authority was delegated to Officer Nakamura;

  c. An official with final policy-making authority ratified Officer Nakamura's conduct; and/or

  d. Defendants were deliberately indifferent to the need to train, supervise, and discipline their police officers, including Officer Nakamura, regarding the constitutional prohibition against discrimination.

53. As a direct and proximate result of Defendants' violation of Plaintiff's Fourteenth Amendment rights, Plaintiff has suffered emotional distress, humiliation, loss of dignity, and other damages in an amount to be proven at trial.

**FOURTH CAUSE OF ACTION**

**Violation of Civil Rights Under [42 U.S.C. § 1983 (CITATION REVIEW RECOMMENDED)]**

**(Municipal Liability - Failure to Train, Supervise, and Discipline)**

**(Against Defendants Honolulu Police Department and City and County of Honolulu)**

54. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

55. Defendants Honolulu Police Department and City and County of Honolulu have a duty to adequately train, supervise, and discipline their police officers regarding the constitutional limitations on detention, arrest, use of force, and equal protection.

56. Defendants Honolulu Police Department and City and County of Honolulu have failed to adequately train, supervise, and discipline their police officers, including Officer Nakamura, regarding these constitutional limitations.

57. The failure of Defendants Honolulu Police Department and City and County of Honolulu to adequately train, supervise, and discipline their police officers amounts to deliberate indifference to the constitutional rights of persons, including Plaintiff, with whom the police come into contact.

58. The inadequate training, supervision, and discipline provided by Defendants Honolulu Police Department and City and County of Honolulu were the moving force behind the violation of Plaintiff's constitutional rights.

59. Defendants Honolulu Police Department and City and County of Honolulu knew or should have known that their failure to adequately train, supervise, and discipline their police officers would result in constitutional violations of the type suffered by Plaintiff.

60. As a direct and proximate result of Defendants' deliberate indifference to the need for adequate training, supervision, and discipline, Plaintiff has suffered physical

injuries, pain and suffering, emotional distress, humiliation, loss of liberty, and other damages in an amount to be proven at trial.

### FIFTH CAUSE OF ACTION

### Violation of Civil Rights Under [42 U.S.C. § 1983 (CITATION REVIEW RECOMMENDED)]

### (Municipal Liability - Unconstitutional Custom, Policy, or Practice)

### (Against Defendants Honolulu Police Department and City and County of Honolulu)

61. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

62. Defendants Honolulu Police Department and City and County of Honolulu have established, maintained, and enforced the following unconstitutional customs, policies, or practices:

    a. Detaining individuals without reasonable suspicion or probable cause;

    b. Using excessive force against detained individuals;

    c. Discriminating against individuals based on their race, ethnicity, or other protected characteristics;

    d. Failing to properly investigate complaints of police misconduct;

    e. Failing to properly discipline officers who engage in unconstitutional conduct; and

    f. Tolerating and encouraging a culture of impunity within the police department.

63. These unconstitutional customs, policies, or practices were the moving force behind the violation of Plaintiff's constitutional rights.

64. Defendants Honolulu Police Department and City and County of Honolulu knew or should have known that these unconstitutional customs, policies, or practices would result in constitutional violations of the type suffered by Plaintiff.

65. As a direct and proximate result of Defendants' unconstitutional customs, policies, or practices, Plaintiff has suffered physical injuries, pain and suffering, emotional distress, humiliation, loss of liberty, and other damages in an amount to be proven at trial.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, and grant the following relief:

1. Compensatory damages in the amount of $300,000.00, or such other amount as may be proven at trial, for physical injuries, pain and suffering, emotional distress, humiliation, loss of liberty, and other damages suffered by Plaintiff;

2. Punitive damages against Defendant Officer Nakamura in an amount to be determined at trial;

3. Declaratory relief in the form of a judgment declaring that Defendants' conduct violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution;

4. Injunctive relief requiring Defendants to:

    a. Implement comprehensive reforms to policies, practices, and training regarding detention, arrest, use of force, and non-discrimination;

    b. Establish an independent civilian oversight board to review complaints of police misconduct;

    c. Require all police officers to undergo implicit bias training;

    d. Implement an early intervention system to identify officers who may be prone to misconduct;

    e. Require the use of body cameras by all police officers and establish policies for their proper use; and

    f. Establish transparent procedures for the investigation and discipline of officers who engage in misconduct;

5. Reasonable attorneys' fees and costs pursuant to [42 U.S.C. § 1988 (**CITATION REVIEW RECOMMENDED**)] and other applicable law;

6. Pre-judgment and post-judgment interest as allowed by law; and

7. Such other and further relief as this Court deems just and proper.

## VIII. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable pursuant to [Federal Rule of Civil Procedure 38(b) (**CITATION REVIEW RECOMMENDED**)].

Respectfully submitted,

Dated: 6/25/25

_____
JOHNNY BERNARD SMITH III