IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| JOHNNY BERNARD SMITH III,<br><br>Plaintiff,<br><br>v.<br><br>REID T. NAKAMURA, *et al.*,<br><br>Defendants. | Case No. 25-cv-00270-DKW-KJM<br><br>**ORDER (1) GRANTING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS, AND (2) DIRECTING SERVICE OF THE COMPLAINT**[1] |

On July 1, 2025, Plaintiff Johnny Bernard Smith III (Smith or Plaintiff), proceeding without counsel, filed a Complaint against Defendants Reid Nakamura (Nakamura), the Honolulu Police Department (HPD), and the City and County of Honolulu (City, and, collectively, Defendants), alleging, among other things, that he was "unlawfully detained, subjected to excessive force, and discriminated against by [Nakamura]" in May 2023. Dkt. No. 1. Smith also filed an application to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 2.

I.   **IFP Application**

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that

---

[1] The Court finds these matters suitable for disposition without a hearing pursuant to Local Rule 7.1(c).

demonstrates an inability to pay.  *See* 28 U.S.C. § 1915(a)(1).  While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the applicant must nonetheless show that he is "unable to pay such fees or give security therefor," 28 U.S.C. § 1915(a).

Here, Smith has made the required showing under Section 1915(a).  In the IFP Application, Smith states that he is unemployed and, "from all sources", he receives between $0 and $350 in government benefits, including SNAP and Medicaid.  Dkt. No. 2 at 2.  Smith further states that he has "less than $300" in all bank accounts and owns no vehicle, real property, or other assets.  Smith also states that he has five dependents and total monthly expenses, for such things as housing, food, and utilities, of at least $2,995.  In light of these figures, Smith has insufficient income to pay the $400 filing fee while still affording the necessities of life.  *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).  In addition, Smith has insufficient assets to provide security for the filing fee.  As a result, the Court GRANTS the IFP Application, Dkt. No. 2.

**II.     Service**[2]

To facilitate service, the Court ORDERS as follows:

1. For each of the three (3) named Defendants, the Clerk's Office is directed to send to Plaintiff: one copy of the Complaint, Dkt. No. 1; one summons; one USM-285 form; one Notice of Lawsuit and Request for Waiver of Service of Summons form (AO 398); two (2) Waiver of Service of Summons forms (AO 399); an instruction sheet; and a copy of this Order.   The Clerk shall also send a copy of this Order to the U.S. Marshal.

2. Should Smith choose to use the U.S. Marshal to serve the summons and Complaint, he shall complete the forms as directed and, for each of the Defendants, submit the following documents to the U.S. Marshal in Honolulu, Hawaii: a completed USM-285 form; a copy of the Complaint; the summons; a completed Notice of Lawsuit and Request for Waiver of Service of Summons form (AO 398); and two

---

[2] The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief."   28 U.S.C. § 1915(e)(2)(B).   At this initial stage of the proceedings, without any responsive pleading from Defendants, and while acknowledging that there may be defenses, affirmative or otherwise, to the claims alleged in the Complaint, the Court finds service of the same to be appropriate.

    (2) completed Waiver of Service of Summons forms (AO 399).

3.  Upon receipt of these documents from Plaintiff, the U.S. Marshal shall mail to each Defendant: a copy of the Complaint; a completed Notice of Lawsuit and Request for Waiver of Service form (AO 398); and two (2) completed Waiver of Service of Summons forms (AO 399), as directed by Plaintiff without payment of costs. *See* Fed.R.Civ.P. 4(c)(3).

4.  The U.S. Marshal shall retain the summons and a copy of the Complaint. For each Defendant, the U.S. Marshal shall also file a returned Waiver of Service of Summons form as well as any Waiver of Service of Summons form that is returned as undeliverable, as soon as it is received.

5.  If a Defendant does not return a Waiver of Service of Summons form within sixty days from the date that such forms are mailed, the U.S. Marshal shall:

  a.  Personally serve such Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

  b.  Within ten days after personal service is effected, file the return of service for such Defendant, along with evidence of any

       attempts to secure a waiver of service of summons and of the costs subsequently incurred in effecting service.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the U.S. Marshal's office in photocopying additional copies of the summons and the Complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served Defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2).

6. If Smith does not wish to use the U.S. Marshal for service, he may serve each of the Defendants on his own, in compliance with Fed.R.Civ.P. 4.

7. Smith is cautioned that if he fails to comply with this Order and his non-compliance prevents timely and proper service as set forth in Federal Rule of Civil Procedure 4(m), this action is subject to dismissal for failure to serve.

8. After service of the summons and Complaint, whether accomplished on his own or with the services of the U.S. Marshal, Smith must serve on each of the Defendants or their attorney(s) a copy of all further

documents he submits to the Court. The U.S. Marshal is not responsible for serving these documents on Smith's behalf. In addition, Smith shall include, with any original paper filed with the Clerk of Court, a certificate stating the date that a copy of the document was served on the Defendants or their counsel, and the manner in which service was accomplished. Any paper received by a District or Magistrate Judge that has not been filed with the Clerk of Court or that does not include a certificate of service will be disregarded.

9. Smith is further notified that he must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.

IT IS SO ORDERED.

Dated: July 11, 2025 at Honolulu, Hawaiʻi.

Derrick K. Watson
Chief United States District Judge