IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| JOHNNY BERNARD SMITH III,<br><br>Plaintiff,<br><br>vs.<br><br>OFFICER REID T. NAKAMURA, *et al.*,<br><br>Defendants. | Case No. 25-cv-00270-DKW-KJM<br><br>**ORDER (1) GRANTING IN PART MOTION TO DISMISS AND (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

On July 1, 2025, Plaintiff Johnny Bernard Smith initiated this action with the filing of a Complaint asserting numerous claims against the Honolulu Police Department (HPD), the City and County of Honolulu (City), and HPD Officer Reid Nakamura (collectively, Defendants). Dkt. No. 1. All of Smith's claims are brought under 42 U.S.C. Section 1983 and arise out of an incident allegedly occurring on May 29, 2023. Defendants move to dismiss these claims principally on the ground that they are barred by the applicable statute of limitations, which, here in the State of Hawaiʻi, is two years from the date of accrual. In other words, July 1, 2025—the date this lawsuit was filed—is *more* than two years from

May 29, 2023—the date of the alleged incident.   Defendants also argue that HPD should be dismissed from this case because it is "not a separate legal entity from the City".

In response, Smith does not address HPD's dismissal.   As for the statute of limitations, Smith asserts that this case should not be resolved on this ground at the motion-to-dismiss stage in light of his purported allegations of "delayed medical discovery[] and government-induced administrative delay extending into May 2025."   Dkt. No. 31 at 4.

Upon review, the Court agrees with the unchallenged assertion that HPD's presence in this case is unnecessary and, thus, it should be dismissed.   The Court also agrees with Defendants that, as alleged, the Complaint is subject to dismissal on the ground that all claims therein are untimely.   However, because of Smith's pro se status and reliance upon purported allegations that are not, in fact, alleged in the Complaint, the Court will allow leave to amend in order for Smith to put forward his best shot at alleging a claim or claims that are timely.   The motion to dismiss, Dkt. No. 24, is, therefore, GRANTED IN PART with leave to amend, as explained further below.

## FACTUAL BACKGROUND

The Complaint alleges as follows: On May 29, 2023, Smith was "lawfully present" on Tusitala Street in Honolulu, Hawai'i when Officer Nakamura approached and detained him.   Dkt. No. 1 at ¶¶ 14-15.   During the detention, Officer Nakamura used "excessive and unreasonable force" against Smith, causing "severe nerve damage" to Smith's wrist.   *Id*. at ¶ 16.   Officer Nakamura also made "explicit discriminatory statements and slurs" toward Smith.   *Id*. at ¶ 17. This incident was "captured on multiple forms of video evidence" and observed by "[m]ultiple independent witnesses".   *Id*. at ¶¶ 18-19.   Smith was "ultimately released without any charges being filed against him…."   *Id*. at ¶ 20. "Immediately" following the incident, Smith sought medical treatment and was diagnosed with "possible nerve damage to his right wrist…."   *Id*. at ¶ 21.   Smith "continues to suffer from…ongoing nerve damage and associated pain, limited mobility, and functional impairment of his right wrist."   *Id*. at ¶ 22.   Smith also suffers from "severe emotional distress, anxiety, depression, and post-traumatic stress disorder…."   *Id*. at ¶ 23.   In July 2023, Smith filed a formal complaint with HPD regarding Officer Nakamura's conduct.   *Id*. at ¶ 24.   After an investigation, HPD concluded that there was "insufficient evidence" to sustain Smith's complaint.   *Id*. at ¶ 25.

3

## LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted."  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Id.*

When a plaintiff, such as Smith, proceeds without counsel, "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  A court, however, may deny leave to amend where, among other things, amendment would be futile.  *E.g.*, *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

4

## **DISCUSSION**

Defendants make two arguments in their motion to dismiss.   First, HPD is an improper and unnecessary defendant and should be dismissed from this action.   Second, all claims should be dismissed without leave to amend as untimely.   The Court addresses each in turn below.

First, Defendants argue that HPD should be dismissed as a defendant because it is not a separate legal entity from the City.   The Court agrees.   *See, e.g.*, *Dowkin v. Honolulu Police Dep't*, 2010 WL 4961135, at *3 (D. Haw. Nov. 30, 2010) (treating claims against HPD as claims against the City because HPD is not an independent legal entity).   And Smith offers nothing in opposition.   *See generally* Dkt. Nos. 27, 31.   Therefore, HPD is dismissed from this case as a defendant.   So it is clear, any would-be claim against HPD shall be treated as one against the City.

Second, Defendants argue that all claims should be dismissed because this case was filed more than two years after the incident in May 2023.   Defendants further assert that dismissal should be with prejudice because amendment would be futile.   The Court agrees, except that leave to amend is appropriate under the circumstances here.

5

Initially, "actions brought pursuant to [Section] 1983 are governed by the forum state's statute of limitations for personal injury actions[,]" which, in Hawai'i, is two years. *Bird v. Dep't of Human Servs.*, 935 F.3d 738, 743 (9th Cir. 2019) (brackets omitted).   The forum state's rules on equitable tolling are also borrowed for purposes of Section 1983. *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1136 (9th Cir. 2001).   In Hawai'i, "courts apply equitable tolling when plaintiffs can demonstrate that they 'pursued their right diligently,' but some 'extraordinary circumstance stood in their way.'" *Callender v. Dep't of the Prosecuting Attorney for Cty. of Maui*, 2022 WL 14003855, at *1 (9th Cir. Oct. 24, 2022) (quoting *Off. of Hawaiian Affairs v. State*, 133 P.3d 767, 789 (Haw. 2006)).   Further, a Section 1983 claim typically "accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.*

With this framework, the claims in the Complaint are clearly time-barred because the only pertinent date alleged is May 29, 2023—one that is *more* than two years *before* the filing of this case.[1]   In response, Smith contends that the Complaint alleges "delayed medical discovery[] and government-induced administrative delay…." Dkt. No. 31 at 1.   Smith, however, is simply wrong.

---

[1]The only other date in the Complaint concerns Smith filing an Internal Affairs complaint with HPD on July 23, 2023.   There is no explanation, however, as to how this filing is relevant to equitable tolling.

No such matters are alleged in the Complaint.   Specifically, there are no facts alleged that indicate   a "delayed" discovery of medical information.[2]   Nor are there any alleged facts that a "government" -- presumably the City or HPD -- "induced" any "administrative delay".   Therefore, the allegations of the Complaint cannot sustain Smith's Section 1983 claims from a timeliness perspective.

The only remaining question is whether Smith is entitled to leave to amend. Upon review, the Court finds leave to amend, should Smith so choose, to be appropriate.   Namely, Smith is a pro se litigant who has now been provided guidance by the Court as to at least one potentially curable deficiency with the Complaint.   Further, Smith has indicated a desire to amend, if necessary.   *See* Dkt. No. 31 at 4.

Therefore, should he choose to file an amended complaint, Smith must write short, plain statements of: (1) the legal right he believes was violated; (2) the name of the specific defendant(s) who violated that right; (3) exactly what each defendant did or failed to do and when; (4) how the action or inaction of that defendant is connected to the violation of the legal right; and (5) what specific injury he suffered because of the defendant's or defendants' conduct.   In addition,

---

[2]Smith's response brief contains certain assertions regarding purported medical care Smith received, but these assertions do not appear in the Complaint.   *Compare* Dkt. No. 1, *with* Dkt. No. 31 at 2.

7

in any amended complaint, Smith must allege facts curing the deficiencies highlighted herein with respect to the untimeliness of his claims.  **Failure to do so will result in dismissal of this action without further leave to amend.**

Finally, should he file an amended complaint, Smith may not incorporate any part of the Complaint, Dkt. No. 1.  Instead, the amended complaint must stand alone; in other words, if filed, it must contain all factual allegations and claims upon which Smith wishes to rely.  Therefore, to the extent any claims from the Complaint are not re-alleged in any amended complaint, those claims will be deemed voluntarily dismissed.  *See Lacey*, 693 F.3d at 928 (stating that claims dismissed with prejudice need not be re-alleged in an amended complaint to preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not re-pled).[3]

---

[3]So it is equally clear, should Smith file an amended complaint, Defendants may raise any argument addressed or not addressed herein in defense.

## **CONCLUSION**

To the extent set forth herein, the motion to dismiss, Dkt. No. 24, is GRANTED IN PART.   HPD is DISMISSED as a party to this action.   The Complaint is DISMISSED with leave to amend consistent with the guidance above.

**Smith may have until April 27, 2026 to file an amended complaint should he so choose.   The Court cautions Smith that failure to file an amended complaint by April 27, 2026 will result in the dismissal of this case with prejudice and without further notice.**

IT IS SO ORDERED.

Dated: April 6, 2026 at Honolulu, Hawaiʻi.



_____
Derrick K. Watson
Chief United States District Judge

---

*Johnny Bernard Smith III vs. Officer Reid T. Nakamura, et al*; Civ 25-00270 DKW-KJM; **ORDER (1) GRANTING IN PART MOTION TO DISMISS AND (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND**