IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| JOHNNY BERNARD SMITH III, | Case No. 25-cv-00270-DKW-KJM |
| Plaintiff, | |
| vs. | **ORDER (1) GRANTING MOTION TO DISMISS AND (2) DISMISSING AMENDED COMPLAINT WITHOUT LEAVE TO AMEND**[1] |
| OFFICER REID T. NAKAMURA, *et al.*, | |
| Defendants. | |

On April 27, 2026, *pro se* Plaintiff Johnny Bernard Smith, III filed a First Amended Complaint (FAC) against Defendants Reid T. Nakamura and the City and County of Honolulu ("the City"), alleging violations of his rights under 42 U.S.C. § 1983. Dkt. No. 39. On May 11, 2026, the City moved to dismiss the FAC principally on timeliness grounds. Dkt. No. 40. Smith did not respond.

Having reviewed the FAC, the motion to dismiss, the record generally, and the relevant legal authorities, the Court agrees that dismissal is appropriate. Accordingly, the motion to dismiss is GRANTED, as explained below.

---

[1] Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.

## FACTUAL & PROCEDURAL BACKGROUND

### I.    The First Amended Complaint

On May 29, 2023, while walking home, Smith was approached by Nakamura, a Honolulu Police Department ("HPD") officer responding to "an unrelated disturbance involving third parties" that "had already occurred in the area."  Dkt. No. 39 ¶¶ 13–14.  "Without first conducting a meaningful investigation" or "issuing lawful commands," Nakamura knocked an "iced beverage" from Smith's hand and handcuffed him.  *Id*. ¶¶ 17–19.  Smith made no attempt to resist or flee Nakamura and posed no threat to him.  *Id*. ¶¶ 20–22.  Smith was ultimately released without arrest or any criminal charge filed.  *Id*. ¶ 25.

In July 2023, Smith filed an administrative complaint with the Honolulu Police Commission (the "Commission").  *Id*. ¶¶ 46–48.  On or about October 30, 2023, the Commission informed Smith that an investigation into Nakamura's conduct had been completed, and a decision was pending.  *Id*. ¶¶ 49.  The Commission did not issue a written disposition of the complaint until approximately mid-May 2025.[2]  *Id*. ¶ 54.

As a result of Nakamura's May 2023 conduct, Smith experienced numbness, tingling, reduced hand strength and function, "abnormal sensation," and wrist pain.  *Id*. ¶¶ 27, 31, 33, & 37.  Smith underwent medical treatment for the injuries on May

---

[2]Smith does not specify what decision the Commission reached.

30, 2023.  *Id*. ¶ 28.  In April and December 2025, Smith underwent medical evaluations confirming that he suffered from persistent neurological injury to his wrist and hand consistent with nerve damage.  *Id*. ¶¶ 40–43.  The injuries were "caused by Officer Nakamura's handcuffing."  *Id*. ¶ 44.

## II.    Procedural History

On July 1, 2025, Smith initiated this action against the City, Nakamura, and HPD.  Dkt. No. 1.  On January 6, 2026, HPD and the City moved to dismiss.  Dkt. No. 24.  On April 26, 2026, the Court granted dismissal with leave to amend because, *inter alia*, Smith's claims were untimely.[3]  Dkt. No. 35.

On April 27, 2026, Smith filed the FAC, asserting the following claims: (1) unlawful seizure under Section 1983; (2) excessive force under Section 1983; and (3) municipal liability under Section 1983 pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).  Dkt. No. 39.  Smith demands compensatory damages and costs. *Id*. ¶¶ 92–93.  With respect to timeliness, Smith asserts that he did not discover the extent of his wrist injuries or receive a decision on his administrative complaint until 2025 and that he "acted diligently and did not sit on his rights."  *Id*. ¶¶ 67–70.

On May 11, 2026, the City moved to dismiss the FAC, arguing that (1) Smith's claims remained untimely, and there was no basis for equitable tolling or

---

[3]The Court also concluded that the HPD was an unnecessary party because it was not a separate legal entity from the City. Dkt. No. 34 at 4–5. Accordingly, Smith did not renew his claims against HPD in the FAC. Dkt. No. 39 at 2.

estoppel; and (2) Smith failed to state a *Monell* claim.  Dkt. No. 40 at 6–21.  Smith did not respond to the motion to dismiss by the June 18, 2026 deadline (or since).  *See* Dkt. No. 41 (setting the City's motion for hearing on July 9, 2026); LR7.2 (requiring any opposition brief to be filed at least 21 days prior to the motion hearing date).  This order now follows.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted."  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Factual allegations that only

- 4 -

permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8(a)(2).  *Id.* at 679.

The Court liberally construes a pro se pleading.  *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987); *Lopez*, 203 F.3d at 1131 ("[T]he rule favoring liberality in amendments to pleadings is particularly important for the *pro se* litigant.") (citation and internal quotation marks omitted).  However, the Court cannot act as counsel for a pro se litigant, such as by supplying the essential elements of a claim.  *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## DISCUSSION

The City argues that Smith's claims are time-barred and should therefore be dismissed.[4]  Dkt. No. 39.  The Court agrees.

Section 1983 claims are governed by the forum state's statute of limitations for personal injury actions.  *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985).  In Hawaiʻi, the statute of limitations is two years.  *Beckstrand v. Read*, 680 F.App'x 609, 610 (9th Cir. 2017) (citing Haw. Rev. Stat. § 657-7) ("Actions for the recovery of compensation for damage or injury to persons or property shall be instituted within two years after the cause of action accrued . . . .").  Although state law

---

[4]Because Smith's claims are untimely, the Court does not address the City's remaining argument concerning the merits of Smith's *Monell* claim.

determines the length of the limitations period, federal law determines when a civil rights claim accrues and, hence, when the statute of limitations begins to run. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, accrual occurs when the plaintiff has a complete and present cause of action and may file a suit to obtain relief. *Id.*; *see also Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996) ("Under federal law, the limitations period accrues when a party knows or has reason to know of the injury which is the basis of the cause of action." (internal quotation marks omitted)).

The injuries forming the basis of Smith's claims occurred on May 29, 2023, the day he was allegedly accosted by Nakamura. Dkt. No. 39 ¶ 13. This being the case, his July 1, 2025 Complaint was filed approximately a month *after* the two-year statute of limitations expired. *See* Dkt. No. 1.

Smith does not dispute that his Complaint was filed beyond the applicable limitations period. Instead, he alleges in the FAC that his tardiness should be excused by two intervening factors: (1) the full extent of his right wrist injury, which did not become apparent until various dates in 2025; and (2) the Commission's delay in issuing a decision on his administrative complaint, which did not occur until May 2025. Dkt. No. 39 ¶¶ 40-45, 67–68. Smith argues that equitable tolling and equitable estoppel apply to his claims. Neither argument, however, has merit.

Equitable tolling is a doctrine which permits the Court to overlook a late filing "if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Isagawa v. Homestreet Bank*, 769 F. Supp. 2d 1225, 1234 (D. Haw. 2011) (internal quotation marks omitted); *see also O'Donnell v. Vencor, Inc.*, 465 F.3d 1063, 1068 (9th Cir. 2006) ("Equitable tolling is generally applied in situations where the claimant has actively pursued h[er] judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." (internal quotation marks omitted)).  Similarly, equitable estoppel allows the tolling of the statute of limitations where there was "active conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time." *Guerrero v. Gates*, 442 F.3d 697, 706 (9th Cir. 2006) (internal citation and quotation marks omitted); *see also "Makiko D." v. Hawaii*, 2007 WL 1153811, at *9 (D. Haw. Apr. 17, 2007) ("Equitable estoppel focuses on the actions taken by the [d]efendant in preventing [p]laintiffs from filing suit.").

Neither doctrine, however, excuses Smith's late filing.  First, with respect to his injuries, Smith alleged that he suffered from swelling, numbness, tingling, and reduced hand and wrist strength as a result of Nakamura's handcuffing, which were serious enough that he underwent medical treatment within 24 hours of the

encounter—in other words, by late-May 2023.  Dkt. No. 39 ¶¶ 26–31.  In fact, Smith repeatedly describes the onset of his injuries as "immediate[]".  *Id*.  Because these symptoms did not resolve, Smith then sought additional care.  That this additional care revealed injuries in 2025 that Smith now claims are "permanent" (*id*. ¶¶ 31-45) is inapposite because the two-year time limit had already begun to run.  *See Soliman v. Philip Morris Inc.*, 311 F.3d 966, 972 (9th Cir. 2002) (holding that plaintiff's discovery of additional injuries at a later date did not render his claims timely because "[t]he relevant date . . . is not when [plaintiff] knew about these particular injuries, but when he should have known of *any* significant injury from defendants' wrongful conduct"); *Doe v. Cnty. of Josephine*, No. 12-CV-2080 (CL), 2015 WL 2412181, at *4 (D. Or. May 18, 2015) ("[N]umerous courts have held that a plaintiff need not realize the extent, seriousness, or permanence of an injury for a claim to accrue.").

As for his administrative complaint, it is not clear why the Commission's delay in issuing a decision justifies Smith's delay in filing his claims in federal court. Section 1983 claims, for instance, do not require exhaustion of administrative remedies, *see Truth v. Kent Sch. Dist.,* 524 F.3d 957, 966 (9th Cir. 2008).  In other words, completion of the Commission complaint process was not a prerequisite to pursuing his claims here.  Nor does Smith allege that the City misled him as to how he should pursue litigation or in any way interfered with his ability to timely sue.

*See Guerrero*, 442 F.3d at 706.  Finally, other than conclusorily saying so, Smith offers no facts that evidence the exercise of due diligence.  *See Malloy v. McEwen,*, No. CV 11–3937 (MMM)(JCG), 2011 WL 5515474, at *2 (C.D. Cal. Nov. 9, 2011) ("[Petitioner's] conclusory assertion of diligence [] is insufficient to entitle him to equitable tolling."); *"Makiko D."*, 2007 WL 1153811, at *9 (finding that equitable tolling did not apply where plaintiffs "set forth no evidence that they diligently pursued" their claim).  Accordingly, neither equitable tolling nor equitable estoppel aid Smith here, and his claims are untimely.[5]

When a complaint fails to state a plausible claim, leave to amend should be given when "justice so requires."  Fed.R.Civ.P. 15(a)(2).  However, justice does not require leave to amend when (1) it would prejudice an opposing party, (2) it is sought in bad faith, (3) it would produce an undue delay in litigation, (4) it would be futile, or (5) there has been repeated failure to cure a deficiency.  *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

Here, the Court already gave Smith a chance to amend and specifically informed him of the timeliness issues facing his claims.  Dkt. No. 35 at 6–8.  Smith,

---

[5]Although only the City has moved to dismiss, the timeliness concerns here apply equally to the Section 1983 claims against Nakamura, which are subject to the same two-year statute of limitations. *See Wilson*, 471 U.S. at 276.  Accordingly, the Court dismisses the FAC in its entirety with respect to all Defendants.

however, failed to cure those deficiencies and has not alleged any grounds for tolling.

Because the Court already afforded Smith the chance to fix his complaint, it declines

to extend that leave again.  *See Ascon Props., Inc. v. Mobil Oil Co.,* 866 F.2d 1149,

1160 (9th Cir. 1989) ("[T]he district court's discretion to deny leave to amend is

particularly broad where plaintiff has previously amended the complaint.").

### CONCLUSION

For the reasons set forth herein, the City's Motion to Dismiss First Amended

Complaint, Dkt. No. 40, is GRANTED, and the FAC is DISMISSED without leave

to amend.

The Clerk is instructed to enter Judgment pursuant to this Order in favor of

Defendants and to then close this case.

IT IS SO ORDERED.

DATED: June 25, 2026 at Honolulu, Hawai'i.



_____
Derrick K. Watson
Chief United States District Judge

---

*Johnny Bernard Smith III v. Officer Reid T. Nakamura, et al*; Civil No. 25-00270
DKW-KJM; **ORDER (1) GRANTING MOTION TO DISMISS AND (2)
DISMISSING AMENDED COMPLAINT WITHOUT LEAVE TO AMEND**